UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ARTUR SUANOV,

Petitioner,

v. Case No. 3:26-cv-1671-MMH-SJH

RONNIE WOODALL, et al.,

Respondents.

---

**ORDER**

Petitioner Artur Suanov, an immigration detainee, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus (Doc. 1) on June 27, 2026. Suanov, a citizen of Russia, was paroled into the United States on April 24, 2023. Doc. 1 at 12. On January 7, 2026, United States Immigration and Customs Enforcement (ICE) detained Suanov. Id. at 13. In Count One of the Petition, Suanov argues that he is not subject to mandatory detention under 8 U.S.C. § 1225(b). Id. at 15–17. As relief, he seeks, inter alia, immediate release. Id. at 22.

The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez

Alvarez did not directly address the circumstance of a petitioner, like Suanov, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Suanov was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Suanov's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to Count One.[1] Within **seven days** of this Order, Respondents shall either afford Suanov an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Suanov, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. Respondent Warden's Motion to Dismiss (Doc. 7) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

---

[1] Because the Court finds that Suanov is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

3. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition as to Count One, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of August, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 8/20
c:
Counsel of Record